UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL NO. 3:15CR-121-DJH

STEPHEN POHL                                              DEFENDANT

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, Stephen Pohl, and his attorneys, Theodore S. Shouse, Annie O'Connell, and John H. Harralson, have agreed upon the following:

1.     Defendant acknowledges that he has been charged in the Indictment in this case with violating 18 U.S.C. §§ 2252A (a)(5)(B) and 2252A(b)(1).  Defendant further acknowledges that the Indictment in this case seeks forfeiture, pursuant to 18 U.S.C. § 2253, of the following:

a.   Any property, real and personal, used and intended to be used to commit and to promote the commission of such offense; and

b.   all visual depictions which were produced, transported, mailed, shipped or received in violation of the law.

2.     Defendant has read the charge against him contained in the Indictment, and the charge has been fully explained to him by his attorneys.  Defendant fully understands the nature and elements of the crime with which he has been charged.

3.     Defendant will enter a voluntary plea of guilty to the charge in this case. Defendant will plead guilty because he is in fact guilty of the charge.  The parties agree to the following factual basis for this plea:

Law enforcement officials executed federal Search Warrants on August 12, 2015, covering computers and other digital devices in Pohl's personal office and living space at Saint Margaret Mary Catholic Community (parish office and rectory, respectively). From January 2015 through August 2015, Pohl used the computers to connect to the

Internet. While on the Internet, Pohl utilized search engines to identify and visit websites for the purpose of viewing images of child pornography. The images depicted minors, that is, children under the age of 18, and showed lascivious exhibition of the genitals or pubic area of children. The images affected interstate and foreign commerce as they travelled across state and international borders. Pohl engaged in this conduct while in Jefferson County, which is in the Western District of Kentucky.

4.      Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000.00, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

Defendant understands that as a result of the charge to which he will plead guilty he will be ordered to forfeit, pursuant to 18 U.S.C. § 2253, the items identified in numbered paragraph 1 above. By agreement of the parties, computer files containing personal family information (including photographs stored in digital format) will be returned to defendant through counsel.

5.      The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

2

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorneys have explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.      Defendant acknowledges that the crime to which he is pleading guilty is covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259.  No requests for restitution have been submitted at this point in time.  Should a restitution request be submitted, the matter will be addressed at

3

the time of sentencing.  The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100.00 to the United States District Court Clerk's Office by the date of sentencing.

11.     At the time of sentencing, the United States will

        -agree that a sentence of 33 months' imprisonment followed by a life term of Supervised Release is the appropriate disposition of this case.

        -agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing – based upon a determination of his ability to pay – as set out in the Presentence Investigation Report.

        -demand forfeiture of the items set out in numbered paragraph 1 above.[1]

12.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13.     This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

14.     Defendant agrees to the forfeiture of any interest he or his nominees may have in the items identified in numbered paragraph 1 above.[2]

---

[1] By agreement of the parties, computer files containing personal family information (including photographs stored in digital format) will be returned to defendant through counsel.
[2] Id.

15.     By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 1 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.[3]

16.     Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

17.     Defendant waives and agrees to waive any rights under the Speedy Trial Act so that at sentencing the Court will have the benefit of all relevant information.

18.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

19.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and

---

[3] *Id.*

federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

21.     If the Court refuses to accept this agreement and impose sentence in accordance with its terms, this Agreement will become null and void and neither party shall be bound thereto. The defendant will be allowed to withdraw the plea of guilty. Similarly, the United States will be relieved of its obligations under the Plea Agreement and free to pursue any and all charges and, upon conviction, seek imposition of any sentence supported by the facts and the law.

22.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

6

23.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

Jo E. Lawless
Assistant United States Attorney
Date 1/4/16

I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

Stephen Pohl
Defendant
Date 1-4-16

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

Theodore S. Shouse
Counsel for Defendant
Date 1/4/2016

JEK:JEL:160103