UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:15-CR-00121-DJH

UNITED STATES OF AMERICA                                      PLAINTIFF

VS.

STEPHEN POHL                                                DEFENDANT

\* \* \* \* \*

### STEPHEN POHL'S SENTENCING MEMORANDUM

Comes Defendant, Father Stephen Pohl, by counsel, and respectfully offers this

memorandum in support of imposing the sentence of thirty-three months reflected in the

parties' agreement and the Defendant's plea pursuant to Fed. R Crim. P. 11(c)(1)(C).

Such a sentence fulfills the directive that "the punishment should fit the offender and not

merely the crime." *Williams v. New York,* 337 U.S. 241, 247 (1949).

The Supreme Court revived this formula for determining an appropriate

punishment when it declared unconstitutional the practice of deferring to the Sentencing

Guidelines for determining sentences in *United States v. Booker,* 125 S.Ct. 738, 746

(2005). While courts still must consider the appropriate Guidelines sentencing range, this

range is no longer "the end of the sentencing inquiry; rather, it is just the beginning."

*United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Sentencing Court now

must perform a task much more difficult than simply interpreting the Guidelines, it must

fashion a sentence "sufficient, but not greater than necessary" to serve the varied

purposes of punishment. *United States v. Foreman,* 436 F.3d 638, 643 (6th Cir. 2006).

The Sentencing Commission's advice is just one "ingredient in the [18 U.S.C. §] 3553(a)

mix," not entitled to any greater consideration than any other factor, *McBride,* 434 F.3d at

1

476. The Guidelines, "formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence," *Kimbrough v. United States,* 552 US. 85, 91 (2007). Because the Guidelines are not the only consideration, the sentencing court, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate….should then consider all of the 18 U.S.C. § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.,* at 101.

Here, a sentence of thirty-three months for Stephen Pohl is sufficient, but not greater than necessary, and is supported by the Section 3553(a) factors. All of the purposes of sentencing point in the same direction – Father Pohl is not the dangerous offender Congress envisioned in increasing the guidelines for child pornography offenses over the past decade, and his age, family situation, education, employment history and lack of criminal history all suggest he is an extremely low risk of further offending. This memorandum will discuss the relevant factors from Section 3553(a) that indicate that an appropriate sentence for Father Pohl here is one slightly shorter than the low end of the Guidelines range discussed in the Presentence Investigation Report.

**The nature and circumstances of the offense and history and characteristics of the defendant.**

In August 2015, the Louisville Metro Police Department obtained federal search warrants for the personal and workspaces of Father Stephen Pohl after investigating allegations that Father Pohl was taking inappropriate photos of students at St. Margaret Mary School. Forensic examination of computers seized pursuant to the warrants revealed images of child pornography (as defined in 18 U.S.C. § 2256(8)(A) in the computers' cache, indicating that Father Pohl had accessed those images. In total, 135

images meeting the statutory definition of child pornography were located in the computers' cache.

On January 4, 2016, Father Pohl entered a guilty plea pursuant to Fed. R Crim. P. 11(c)(1)(C).  He acknowledged and accepted responsbility for violating 18 U.S.C. §§ 2252A (a)(5)(B) and 2252A(b)(1).  Pursuant to this plea agreement, the United States agrees that a sentence of 33 months' imprisonment followed by a life term of Supervised Release is the appropriate disposition of this case.  Further, the United States agrees that a fine at the lowest end of the Guideline Range is appropriate.

Following entry of his plea, Father Pohl voluntarily surrendered himself to begin serving his sentence.

Father Stephen Pohl is 57 years old.  He was born and raised in Louisville, KY, along with his 8 siblings.  He graduated from Trinity High School, and then obtained his college degree from St. Meinrad Seminiary College.  After college, he obtained a Master's Degree in Divinity, also from St. Meinrad.  Father Pohl has been an ordained Catholic priest for 30 years.

Father Pohl has no criminal history, nor any history of alcohol or drug abuse.  He has no mental health diagnosis.  However, he has sought counseling over the years.  Additionally, following his indictment in this case, he has engaged in sex offender treatment with Dennis Wagner.  That treatment has continued on a weekly basis since he voluntarily surrendered himself to U.S. Marshalls following entry of his guilty plea.

Father Pohl's family and friends unequivocally describe him as a caring, selfless individual, always willing to give of himself to assist others. The letters of support these individuals provide to the Court depict an individual deserving of leniency from the Court, and not the type of dangerous individual for which a longer sentence may be

appropriate. See Exhibit 1, letters in support of Father Pohl.  Father Pohl's family, friends, co-workers, and current and former parishoners continue to stand by him despite the nature of these convictions.

All of these letters depict an individual much different from the one Congress sought to punish with the long guideline sentences.

### The need for the sentence to reflect the seriousness of the offense

Child pornography offenses are serious, and the punishment options before this Court adequately reflect that seriousness. Yet among child pornography offenses, there are gradations of seriousness, and the range of punishment options is designed to reflect those gradations. One who merely accesses such images, without distributing or producing them, must be punished, although not as severely as one who intentionally distributes them to other consumers. Even amongst distributers, those engaged in large-scale trafficking typically face longer sentences than those who just participate in file sharing. One who produces child pornography is even worse, with each image distributed a documentation of the abuse of a child by the image-maker. Worst of all are the "major producers, distributors, and sellers", upon whom Congress requested the Department of Justice to "focus its investigative and prosecutorial efforts" when it enacted the PROTECT Act. H.R.Conf. Rep. 108-66, 2003 USCCAN 683, 701 (April 9, 2003).

The Sixth Circuit has observed, sentences at or near the statutory maximum should be reserved for the "worst possible variation of the crime" committed by the most dangerous offender. *See United States v. Aleo*, 681 F.3d 290, 302 (6th Cir. 2012); cf. *United States v. Poynter*, 495 F.3d 349, 354 (6th Cir. 2007) ("not all repeat sex offenders deserve" to be sentenced at the statutory maximum; "otherwise, Congress would not have set a statutory range of 0-60 years").

Father Pohl's conduct merits a sentence of 33 months – slightly below the lowest end of the Guidelines range reflected in the Presentence Investigation Report. The impact of Father Pohl's crimes is far less than that of those who produce, or even pay for child pornography; his actions did not cause any new child pornography to be made because the files already existed and no financial incentive was given by him.

Congress's actions to increase guidelines for child pornography offenses stemmed in large part from the belief that those who would be punished for viewing child pornography were actually child molestors.[1] Besides the lack of evidence to support this belief in general, Father Pohl has not been charged or convicted of sexually abusing a child, has never abused a child, and is no risk of harming a child. He is simply not the offender these increased guidelines were designed to punish.

**The need to afford adequate deterrence to criminal conduct**

Section 3553(a)(2)(B) requires this Court to consider the general deterrent effect of the sentence it imposes – the extent to which the sentence provides a public warning that the consequences will be severe when the law is violated. *United States v. Barbara*, 683 F.2d 164, 167 (6th Cir. 1982).

By imposing a fair, but not unduly harsh sentence, this Court contributes to increased respect for the law. Respect for the law is promoted by punishments that are

---

[1] See 137 Cong. Rec. S10323 (July 18, 1991) (Senator Helms) (in support of directing increase to base offense level from 10 to 13); id. at H6736, H6738 (Sept. 24, 1991) (Representative Wolf) (same); 141 Cong. Rec. S5509 (Apr. 6, 1995) (Senator Grassley) (in support of directing additional increase in base offense level from 13 to 15); 144 Cong. Rec. S12262 (Oct. 9, 1998) (Senator Hatch) (in support of directing expanded reach of "distribution" enhancement); 149 Cong. Rec. S5126 (Apr. 10, 2003) (Senator Hatch) (in support of Feeney Amendment, which included number-of-images enhancement); see also generally Child Pornography Prevention Act of 2006, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-26 (1996); S. Rep. No. 108-2, at 3(2003); S. Rep. No. 104-358, at 12-14 (1996); USSG app. C, amend.592 (Nov. 1, 2000).

fair, but not by those that are overly harsh. *United States v. Cernik, No. 07–20215, 2008 WL 2940854, at \*9, 2008 U.S. Dist. LEXIS 56462, at \*25 (E.D.Mich. July 25, 2008)* ("[A] sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." (citing *Gall, 128 S.Ct. at 599)*). "There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh punishment receives a slap on the wrist." *Stern,* 590 F.Supp.2d at 957. *See United States v. Zavala, No. 07–14851, 2008 WL 4997052, at \*3, 300 Fed.Appx. 792, 795, 2008 U.S.App. LEXIS 24168, at \*8–9 (11th Cir. Nov.25, 2008)* ("[A]ny higher sentence would promote disrespect for the law."); *United States v. Ontiveros, 07–CR–333, 2008 WL 2937539, at \*3, 2008 U.S. Dist. LEXIS 58774, at \*6 (E.D.Wis. July 24, 2008)* ("[A] sentence that is disproportionately long in relation to the offense is unjust and likewise fails to promote respect [for the law].")

### The need to protect the public from further crimes of the defendant

Another goal of sentencing is accomplished by § 3553(a)(2)(C), which requires the sentencing court to consider the need to protect the public from further crimes by the defendant. The most reliable predictors of recidivism for child pornography offenders after their release from prison are prior criminal history and a prior history of contact offenses. Michael Seto and Angela W. Eke, *The Criminal Histories and Later Offending Child Pornography Offenders,* Sexual Abuse: Journal of Research and Treatment, Vol. 17, No.2, April 2005.

Here, both identifiable factors mitigate against the risk that Father Pohl will reoffend. At 57 years old, Father Pohl has no criminal history. He has no prior violent or contact offenses. Pursuant to the most reliable predictors of recidivism, Father Pohl's risk is *de minimus*. Any risk is further minimized by his efforts to obtain treatment prior to his incarceration, and by the availability of future treatment and supervised release to provide additional protection against future offenses.

### The need to most effectively provide education and treatment

Section 3553(a)(2)(D) requires this Court to consider the extent to which incarceration provides the most effective means of providing educational or vocational training, medical care, or other correctional treatment. In Father Pohl's case, this factor mitigates against a lengthy sentence.  First, Father Pohl is in need of neither educational, nor vocational training. Second, while he is in good physical health, he is in need of mental health treatment. As mentioned above, shortly after his indictment, Father Pohl begain sex offender treatment with Dennis Wagner.  Continued treatment would best be provided by Mr. Wagner, a practitioner with whom Father Pohl has an already established history, rapport and therapeutic relationship.

### The Sentencing Guidelines range

Generally, when the Sentencing Guidelines are based on empirical research and Sentencing Commission objectives, the guidelines represent a reasonable estimation of a fair sentencing range. However, for policy reasons and because statutory mandatory minima dictated many terms of the Guidelines, the Commission departed from past practices in setting offense levels for such crimes as fraud, drug trafficking, and child pornography offense. *United States v. Baird,* 580 F.Supp.2d 889, 894 (D.Neb. 2008). As this Court, and many others across the country have recognized, Congressional

engagement with child pornography laws over the past two decades has "untethered punishment for child pornography from any empirical work done by the United States Sentencing Commission," *United States v. Rothwell,* 847 F.Supp.2d 1048 (E.D.Tenn 2012), to such an extent that courts routinely decline to follow the Guidelines in these cases. Courts have varied from the child pornography guidelines because of the individual circumstances of the case, *United States v. Pauley,* 511 F.3d 468 (4th Cir. 2007), and/or because the Guidelines are not the product of the empirical data, national experience, or independent expertise and thus do not satisfy § 3553(a)'s objectives, or both. *United States v. Baird,* 2008 WL 151258 (D.Neb. Jan. 11, 2008)("Because…the Guidelines for child [pornography] offenses, like the drug-trafficking Guidelines, were not developed under the empirical approach, but…in response to statutory directives…the court affords them less deference than it would to empirically-grounded guidelines"); *United States v. Rowan II,* 2008 WL 2332527 (5th Cir. 2008)(affirming a variance from 47-56 months downwards to supervised release for possession of child pornography); *United States v. Grober,* 624 F.3d 592 (3rd Cir. 2010); *United States v. Dorvee,* 616 F.3d 174, 184-86 (2nd Cir. 2010); *United States v. Johnson,* 588 F.Supp.2d 997 (S.D.Iowa 2008); *United States v. Hanson,* 561 F.Supp.2d 1004 (E.D.Wis. 2008); *United States v. Shipley,* 560 F.Supp.2d 739 (S.D. Iowa 2008). District courts are no longer required, or permitted, to simply defer to the Guidelines. *Rita v. United States,* 551 U.S. 338, 351 (2007). Courts of appeals may not "grant greater fact finding leeway to the Guidelines than to [the] district judge." *Id.* at 2463. "Courts may vary [from the Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough,* 128 S.Ct. at 570. Congressionally directed guidelines are advisory, just like any other guideline, and are equally subject to policy-based variances.

*United States v. Michael,* 576 F.3d 323, 327 (6th Cir. 2009). Congressional directives "tell the Sentencing Commission, not the courts, what to do," and "a directive that the Commission specify a particular Guideline range is not a mandate that sentencing courts stay within it." *Id.* at 328.

Here, the recommended sentence of thirty-three months, a slight departure from the low end of the Guidelines range, reflects the § 3553(a) considerations discussed above, and adequately account for the particular characteristics of Father Pohl's situation. Father Pohl urges this Court to impose a sentence of thirty-three months because, as discussed above, a shorter sentence satisfies the "sufficient, but not greater than necessary" directive.

This Court should sentence Father Pohl to the recommended thrity-three months. He is a first time offender, with no criminal history, on the less serious end of the gradation of child pornography offenders. He has demonstrated initiative to address and correct the behavior that led him to this offense.

## CONCLUSION

**WHEREFORE** the Defendant respectfully requests the opportunity to be heard at Sentencing, to present evidence and argument in further support of his request, and that this Court impose a sentence of no greater than thirty-three months imprisonment.

Respectfully submitted

*s/ Theodore S. Shouse*
THEODORE S. SHOUSE
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-1180

*s/ John Harralson*
JOHN HARRALSON
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-1200

*s/ Annie O'Connell*
ANNIE O'CONNELL
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-1200

**CERTIFICATE OF SERVICE**

It is hereby certified that on March 18, 2016, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this matter.

ANNIE O'CONNELL

10